IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | Case No. 8:12CR56 |
| Plaintiff,    ) | |
| ) | |
| vs.         ) | |
| ) | ORDER |
| BERNITA MARGARET KLEENSANG,   ) | |
| ) | |
| Defendant.    ) | |

The defendant, Bernita Margaret Kleensang, was indicted February 23, 2012 on one count of Conspiracy to Defraud the Government with Respect to Claims, and six counts of False claim to the United States. The defendant was summonsed for an initial appearance on March 19, 2012 at which time she entered not-guilty pleas to all counts. The government did not request detention and the defendant was released on an Order Setting Conditions of Release (#31).

At the initial appearance, the court issued an Order for Progression of a Criminal Case (#16), setting the defendant's pretrial motion deadline for April 9, 2012. A review of the docket discloses that the defendant has filed several documents, including "Notice of Appointment of Fiduciary Debtor" (#9 and #10), and "Notice of Conditional Acceptance" (#19, #20, #21, #32, and #35). An examination of the documents discloses no prayer for specific action by the court. Additionally, the defendant filed a "Notice to Agent is Notice to Principal/Notice to Principal is Notice to Agent" (#37). No briefs were filed by the defendant, and none of the documents requested evidentiary hearings. On April 9, 2012, the government filed a responsive pleading (#46), a Motion to Strike (#47), and corresponding brief (#48).

After reviewing the documents entitled "Notice of Appointment of Fidicuary Debtor" (#9 and #10) and "Notice of Conditional Acceptance" (#19, #20, #21, #32, and #35), I find that the government's Motion to Strike (#47) should be granted.  A careful review of the documents demonstrates no legal basis or authority for their filings in criminal case law under the United States Code, or the Federal Rules of Criminal Procedure.  I also find that the documents are not in compliance with the Local Rule of the United States District Court for the District of Nebraska 12.3(b)(1), which provides, in part, that any party's failure to simultaneously file a brief may be an abandonment of a motion.  I find the motions to be frivolous and that failure to file a simultaneous brief to be an abandonment of the issues raised.

The defendant also filed a document titled "Notice to Agent is Notice to Principal/ Notice to Principal is Notice to Agent" (#37).  A careful review of this document references on page 2, "Petition/Request Motion to Dismiss With Prejudice."  In the document the defendant challenges the jurisdiction of the court to hear the indictment charges.  Even though it is titled otherwise, the court will address the motion as a motion to dismiss with prejudice.  No brief was filed with the motion.

A review of the defendant's indictment shows that each charge exists in the United States Code and that the court has proper jurisdiction in this matter, pursuant to 18 U.S.C.A. § 3231 and 18 U.S.C.A. § 3232.  It is clear the district courts of the United States have original jurisdiction of all offenses against the laws of the United States and, further, that those proceedings should be held in the district in which the offense was committed.

Additionally, I again note that the defendant's failure to file a brief with the motion, violates Local Rule of the United States District Court for the District of Nebraska 12.3(b)(1)

which provides, in part, that a party's failure to file a simultaneous brief with a motion may result in the court treating the motion as abandoned. I find the motion should be dismissed as it has no basis in law, is frivolous, and fails to comply with the district court's local rules.

Finally, I once again, as I did at the initial appearance, advise the defendant that a pro se litigant is required to follow both the Local Rules for the District of Nebraska and the Federal Rules of Criminal Procedure. I urge her once again, as I did at the initial appearance, to carefully reconsider her decision to proceed pro se (even though it is her right) and to consider availing herself of the services of legal counsel.

## ORDER AND RECOMMENDATION

**IT IS ORDERED:**

1. The government's Motion to Strike (#47) is granted.

2. Defendant's "Notice of Appointment of Fiduciary Creditor" (Filings #9 and #10) are found to be frivolous. The Clerk of the Court is ordered to strike the filings from the docket.

3. Defendant's "Notice of Conditional Acceptance" (Filings #19, #20, #21, #32, and #35) are also found to be frivolous. The Clerk of the Court is ordered to strike the filings from the record.

4. **IT IS THE FINDING AND RECOMMENDATION TO CHIEF JUDGE LAURIE SMITH CAMP**, that the Defendant's "Notice to Agent is Notice to Principal/Notice to Principal is Notice to Agent" (#37) (considered as a motion to dismiss with prejudice), also be deemed frivolous as it has no basis in law and any issues raised be deemed abandoned

for violation of Local Rule of the United States District Court for the District of Nebraska 12.3(b)(1).

5. The Clerk of the Court is ordered, because of the defendant's pro se status, to mail a copy of this order to the last address provided by the defendant.

Dated this 12th day of April 2012.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge

## **NOTICE**

A party may object to the magistrate judge's findings and recommendations by filing a "Statement of Objections to Magistrate Judge's Findings and Recommendations" within 21 days of the mailing of this Order by the Clerk of the Court. The objecting party must comply with all requirements of NeCrimR 59.2.