IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:12CR56 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| BERNITA MARGARET KLEENSANG, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 148) filed by the Defendant Bernita Margaret Kleensang. The Defendant is seeking relief with respect to the sentence she received for her convictions of one count of conspiracy to defraud the United States and six counts of presenting false claims to the United States.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Defendant's Statement of the Case, at Filing No. 148-1, pages 2-10, sets out a fair summary of the history of the case, and the Court will not repeat that herein. Kleensang bases her Motion on two contentions: (1) the United States Supreme Court's decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013), requires that any facts

resulting in an enhancement of the applicable guideline range must be proved to a jury beyond a reasonable doubt, and (2) this Court did not properly weigh and consider all the 18 U.S.C. § 3553(a) factors when imposing her sentence.

Kleensang was sentenced on September 17, 2012, and made no objections to the Presentence Investigation Report ("PSR") or the guidelines calculated therein. The Court sentenced Kleensang substantially below the advisory guideline range, recognizing that the amount of direct loss incurred by the United States, and the amount of loss likely to be caused by her conduct, was less than the amount Kleensang intended to cause through her fraudulent activities.

"In *Alleyne*, the Supreme Court held the Sixth Amendment of the U.S. Constitution requires a jury to find beyond a reasonable doubt any fact that increases a mandatory minimum sentence." *U.S. v. Davis*, 736 F.3d 783, 784 (8th Cir. 2013). The facts that increased Kleensang's advisory guideline range, both the intended amount of loss and her obstruction of justice, did not alter any statutory minimum or maximum terms. Accordingly, the Court finds her argument for the application of *Alleyne* to be without merit.

With respect to her argument that the Court failed to consider all the 18 U.S.C. § 3553(a) factors, the record of sentencing proceedings at Filing No. 147 shows that the Court considered all the relevant sentencing factors and explained the rationale for the sentence in detail, specifically concluding that the Defendant and her co-defendant were equally culpable.

Accordingly,

IT IS ORDERED:

1. The Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 148) and her Memorandum of Law in Support of the Motion (Filing No. 148-1);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 148) is summarily denied; and

3. A separate Judgment will be entered in accordance with Fed. R. Civ. P. 58.

DATED this 27th day of December, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge