THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:12CR56 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| BERNITA MARGARET KLEENSANG, | ) ) | |
| Defendant. | ) | |

Before the court is Filing No. 153, the Notice of Appeal filed by the defendant, Bernita Margaret Kleensang, who appeals the Memorandum and Order (Filing No. 149) and Judgment (Filing No. 150) denying her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") and the Memorandum and Order (Filing No. 152) denying Defendant's motion for reconsideration. The Defendant has paid the filing fee regarding the Notice of Appeal and had not requested to proceed in forma pauperis.  A motion for a certificate of appealability was not filed, therefore, the Notice of Appeal will be also considered as a request for a certificate for appealability.

Before the Defendant may appeal the denial of her § 2255 motion, a "Certificate of Appealability" must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c).  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

The issues raised in the § 2255 motion were carefully considered. Upon review and consideration of the record and the applicable law, the court concludes that the Defendant has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong.  For the reasons set forth in the Court's previously issued Memorandum and Order (Filing No. 149) denying the Defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

IT IS ORDERED:

1. The Defendant's Notice of Appeal (Filing No. 153) also considered as a request for a Certificate of Appealability is denied; and

2. The Clerk is directed to mail a copy of this Order to the Defendant at her last known address.

DATED this 3rd day of March, 2014.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge